UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jason M. Carter, | ) | C/A No. 5:14-1842-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| State of South Carolina; | ) | |
| Greg Reed; | ) | |
| Oconee County Sheriff's Office; | ) | |
| Oconee County Detention Center; | ) | |
| Harvey Miller; | ) | |
| George McConnell; | ) | |
| Mark Blinkley; | ) | |
| Monique Lee; | ) | |
| Nikki Haley; | ) | |
| South Carolina Lt. Gov's Office of Ageing; | ) | |
| S. Baker; | ) | |
| South Carolina Department of Mental Health Public | ) | |
| Safety Chief Adm.; | ) | |
| Oconee, County of; | ) | |
| Richland, County of; | ) | |
| Oconee County Police Department; | ) | |
| South Carolina Department of Health and | ) | |
| Environmental Control, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a pro se litigant involuntarily confined in the South Carolina Department of Mental Health after being found not guilty of certain criminal charges by reason of insanity criminal charges in Oconee County, South Carolina. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. The pro se Complaint is currently pending before this court on the required initial review of such pleadings. *See* Local Civ. R. 73.02(B)(2)(e) (D.S.C.); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened).

Plaintiff has paid the full costs of filing this case. (Receipt No. SCX400009745).

Although initial review is not complete and, therefore, service on any Defendant has not been directed, Plaintiff has filed several Motions that will be addressed in this Order.

MOTION TO GRANT FEDERAL WITNESS STATUS, ECF No. 14:

Plaintiff asks this court to "grant [him] federal witness status" because he alleges that the Defendant State of South Carolina is corrupt and overly powerful. He alleges that he needs this status to put him on equal footing with the Defendants in this case. ECF No. 14. Until such time as the initial review process is completed, there will be no determination of whether the Complaint submitted in this case will be served on any Defendant. Thus, a request for protective status for Plaintiff at this stage of the litigation is entirely premature.

Plaintiff's Motion to Grant Federal Witness Status is **denied without prejudice.** If any portion of the Complaint is ultimately directed to be served on any Defendant, Plaintiff may re-submit his Motion at that point if he continues to believe it necessary to do so.

MOTION OF CONSIDERATION REGARDING TIME FRAME, ECF No. 18:

Plaintiff has also submitted a document that he titles as a "Motion," but that contains legal arguments directed to a potential statute of limitations defense that might or might not be raised in response to some of the claims made in his Complaint. ECF No. 18. Until such time as service is directed on any Defendant, there is no way to determine whether or not a statute of limitations defense will be raised in this case. In any event, a pre-service motion is not the appropriate way to raise and/or respond to any potential defense that may be raised at some point in the future. If the Complaint is ultimately served on one or more Defendants, and if any served Defendant raises a statute of limitations defense in a response to service, *see* Fed. R. Civ. P. 8 (b), (c)(1) and 12 (regarding timing and presentation of defenses), Plaintiff can present any arguments he might have against such defense at that point in the progress of the case, but his presentation of his legal position in a pre-service motion is premature and not in compliance with the Federal Rules of Civil Procedure.

Accordingly, Plaintiff's Motion for Consideration Regarding Time Frame is **denied**.

MOTION FOR COPIES FOR SERVICE, ECF No. 24:

Plaintiff asks the court to provide copies of his Complaint and summons so that he can serve Defendants. ECF No. 24. As previously indicated, this case is currently pending the initial review required for all pro se-filed cases. If, following completion of initial review, the court determines that any Defendant should be served in this case, the court will issue the appropriate order at that time and will specifically direct Plaintiff who to serve, if necessary. This is an established part of this court's procedure for addressing cases filed by pro se litigants. *See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007); *see also In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). As a result, it was unnecessary for Plaintiff to submit this request by way of motion before the initial review is even completed.

Accordingly, Plaintiff's Motion for Copies for service is **denied**.

MOTIONS FOR EVALUATION and FOR REVIEW OF DOCUMENTS, ECF Nos. 22, 26:

Plaintiff submitted two separate Motions asking the court to order that undisclosed Defendants undergo a mental evaluation, ECF No. 22, and that the Clerk of Court of Oconee County be directed to provide certain documents from certain criminal and, perhaps, civil case files to Plaintiff, ECF No. 26. These Motions are improperly filed discovery requests, and, as such, are not in compliance with the Federal Rules of Civil Procedure, particularly at this stage of the litigation while initial review of the pro se Complaint is still pending. Discovery requests are to be handled between the parties and are not to be filed with the court except under certain situations, not present here, described in the applicable Local Rule of this court. *See* Local Civ. R. 5.01 (D.S.C.).[1] As the case progresses, if service is directed upon any Defendant, a discovery schedule will be set and Plaintiff will be notified of such schedule. *See* Fed. R. Civ. P. 16 (regarding scheduling and case management). Until such time, Plaintiff should refrain from filing additional motions such as these because they are improper and require unnecessary expenditure of precious judicial resources to be addressed.

Accordingly, Plaintiff's Motions for Evaluation and For Review of Documents are **denied**.

MOTION TO COMPEL, ECF No. 27:

---

[1] Local Rule 5.01 (emphasis added) states:

> Interrogatories under Rule 33 Fed. R. Civ. P. and responses thereto, Requests under Rule 34 Fed. R. Civ. P. and responses thereto, and Requests for Admissions under Rule 36 Fed. R. Civ. P. and responses thereto (collectively "discovery material") shall be served upon other counsel or parties, *but shall not be filed with the Court*. Transcripts of depositions taken under Rule 30 or Rule 31 Fed. R. Civ. P. (collectively "deposition") shall not be filed with the Court. The party responsible for serving the discovery material or taking the deposition shall retain the original and become the custodian thereof.
>
> If relief is sought with respect to any discovery material or deposition, a copy of the relevant portion of the discovery material or deposition shall be filed with the Court contemporaneously with the filing or presentation of the request for relief. *See* Local Civil Rules 7.04 and 7.06.
>
> If discovery material or depositions are to be used at trial or are necessary to resolution of a pretrial motion which might result in a final order on any issue, the portions to be used shall be filed with the Clerk of Court at the outset of the trial or at the filing of the motion insofar as their use can be reasonably anticipated.
>
> When discovery material or a deposition is needed for appeal purposes and is not in the record, upon application and order of the Court, the necessary discovery material or deposition shall be filed with the Clerk of Court.

3

Plaintiff submitted another motion asking that a certain employee of the South Carolina Department of Mental Health be precluded from participation in this case because of an alleged "conflict of interest." ECF No. 27. Again, this Motion is premature, unnecessary, and results in waste of judicial resources to address because it has not yet been determined whether any Defendant will be served in this case. At this stage, no Defendant has made a formal appearance and no decision has been made as to whether Plaintiff will be directed to serve any Defendant in the future because the required initial review of his pro se Complaint has not been completed. This Motion appears to be in the nature of a motion in limine,[2] which should only be made after service of the Complaint, if any, and prior to the court's consideration of a dispositive motion or prior to a trial, if one is ultimately set. *See* Fed. R. Civ. P. 16 (regarding scheduling and case management).

Accordingly, Plaintiff's Motion to Compel is **denied without prejudice** to its re-submission if necessary before the court's consideration of any dispositive motion submitted by any Defendant or prior to any trial that is set.

TO PLAINTIFF:

Plaintiff is directed to refrain from submitting additional motions or pleadings to the court until such time as he receives formal notification that the required initial review of his pro se Complaint is complete. In most civil rights and non-capital habeas corpus cases, the issues are not complex, and whenever such a case is brought by a pro se litigant, this court outlines proper procedure so the pro se litigant will not be deprived of a fair opportunity to present his or her case, *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975); however, Plaintiff needs to await further action and directions from the court before submitting additional motions that are premature and unnecessary.

It appears that Plaintiff has a propensity to file excessive and unnecessary motions in this case, and that he might continue to pursue such activity that results in waste of this court's judicial resources unless restrictions are placed on his future submissions to the court. Plaintiff is hereby admonished that further filing of frivolous and unnecessary motions in this case may lead to the imposition of sanctions by this court. The sanctions the court may consider include, but are

---

[2] A motion in limine is defined as,

> [a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. • Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard. If, after the motion is granted, the opposing party mentions or attempts to offer the evidence in the jury's presence, a mistrial may be ordered. A ruling on a motion in limine does not always preserve evidentiary error for appellate purposes. To raise such an error on appeal, a party may be required to formally object when the evidence is actually admitted or excluded during trial.

*Black's Law Dictionary* (9th ed. 2009).

not limited to, the imposition of a filing injunction order placing restrictions on the types of pleadings Plaintiff may file and the manner in which they must be submitted, monetary sanctions that will have to be satisfied before any further filings may be made, dismissal of any action, entry of an order of contempt of court, and any and all other forms of sanctions available under Federal Rule of Civil Procedure 11.

     IT IS SO ORDERED.

August 1, 2014                                                      Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge