UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason M. Carter, | ) C/A No. 5:14-1842-RMG-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| State of South Carolina; | ) |
| Greg Reed; | ) |
| Oconee County Sheriff's Office; | ) |
| Oconee County Detention Center; | ) |
| Harvey Miller; | ) |
| George McConnell; | ) |
| Mark Blinkley; | ) |
| Monique Lee; | ) |
| Nikki Haley; | ) |
| South Carolina Lt. Gov's Office of Ageing; | ) |
| S. Baker; | ) |
| South Carolina Department of Mental Health; | ) |
| South Carolina Department of Mental Health Public Safety Chief Adm.; | ) |
| Oconee, County of; | ) |
| Richland, County of; | ) |
| Oconee County Police Department; | ) |
| South Carolina Department of Health and Environmental Control, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed by a pro se litigant involuntarily confined in the South Carolina Department of Mental Health after being found not guilty of certain criminal charges by reason of insanity in Oconee County, South Carolina. *See* S.C. Code Ann. § 17-24-40 (governing commitment of persons found not guilty by reason of insanity). Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. The pro se Complaint is currently pending before the court on the required initial review of such pleadings. *See* Local Civ. R. 73.02(B)(2)(e) (D.S.C.); *In Re*

*Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened).

I.     Background

Jason M. Carter ("Plaintiff") is a person who is involuntarily committed to the South Carolina Department of Health ("SCDMH") after he pleaded not guilty by reason of insanity ("NGRI") to murder charges that were pending against him in Oconee County, South Carolina in 2009. Compl. 1, ECF No. 1. In this case, Plaintiff sues the State of South Carolina; SCDMH; the South Carolina Department of Environmental Control ("DHEC"); the South Carolina Lieutenant Governor's Council on Aging; several state officials and employees; and Oconee County Law Enforcement Agencies and at least one of their officers. *Id.* Plaintiff seeks $8.5 million in damages and immediate release from SCDMH or State of South Carolina custody. ECF No. 1-2 at 4.

Plaintiff alleges that his federal constitutional rights under the Eighth and Fourteenth Amendments were violated while he was detained at the Oconee County Detention Center ("OCDC") "beginning in 2006" for the following reasons: he was allegedly falsely arrested; his arraignment was unreasonably delayed; he was subjected to excessive bail and deprived of a speedy trial; and he was coerced into pleading to NGRI. ECF No. 1 at 1. He also alleges that he was not given sufficient food at OCDC and lost 95 pounds while detained there. *Id.*, ECF No. 1-2 at 3. Plaintiff does not provide the name or names of any particular individual or individuals who allegedly played a part in the claimed constitutional violations, other than listing of Defendants Reed and Baker as "arresting officers." From this general description, the court infers these two Defendants were involved in the alleged "false arrest." ECF No. 1-4 at 2.

Plaintiff also alleges that he is now being illegally held by SCDMH at one of its contract facilities run by a private corporation ("GEO Inc.")[1] despite having no mental illness. ECF No. 1 at 2. He further alleges that he is not taking any psychiatric medications nor is he receiving any kind of treatment at the facility. *Id*. Plaintiff contends that his religious freedoms are violated because the facility allows "one religious faith chaplain . . .;" however, he does not indicate what faith that chaplain represents nor does Plaintiff allege that he is of a different faith that is not represented. *Id*. Finally, Plaintiff alleges that "DMH Public Safety" violated "H.I.P.P.A. protocol" when it/they made "a false report to police in Tenn." ECF No. 1-2 at 3.[2]

Plaintiff does not provide details of any Oconee County or State of South Carolina judicial proceedings that led to, or continued, his involuntary commitment other than to say that he is committed as a result of the finding of not guilty by reason of insanity. ECF No. 1. He does not indicate that he has taken any steps to appeal any commitment order or to contest any court order requiring that he remain involuntarily committed. However, the available on-line court records from Oconee County confirm that Plaintiff was arrested on March 28, 2006, formally charged with two counts of murder on April 4, 2006,[3] and those charges were "[d]isposed" on October 16, 2009, by way of an "order of competency to stand trial . . . ." *See* http://publicindex.sccourts.org/Oconee/PublicIndex/CaseDetails.aspx?County=37&CourtAgency

---

[1] Plaintiff identifies GEO Inc. as contracting with the State of South Carolina to run the facility in which he is housed, and avers GEO Inc. "commit[s] fraud." ECF No. 1 at 2. He does not name GEO Inc. as a defendant.

[2] Although Plaintiff provides no factual background for this allegation, the undersigned notes that it was reported on a Columbia, South Carolina television station internet website that Plaintiff left the SCDMH facility where he was confined and traveled to Tennessee, where he was picked up by law enforcement authorities and returned to SCDMH custody. *See* http://www.wistv.com/story/25492574/wis-investigates-cash-cell-phone-helped-mental-health-patient-escape (last viewed August 4, 2014).

[3] Indictment numbers: 2006GS3700918, 2006GS3700919.

=37001&Casenum=H985639&CaseType=C (last reviewed August 4, 2014). According to the same records, the sentence received for that disposition was "[m]ental [h]ealth [c]ommitment." *Id*.

Plaintiff originally named "the State of South Carolina" as the sole Defendant in this case. ECF No. 1. Subsequently, he requested amendment of the case to add the other Defendants listed in the caption of this Report. ECF No. 16. The court granted that amendment. ECF No. 19. In connection with his Motion to Amend, Plaintiff submitted a document that contains minimal descriptions of the professional status of some Defendants, at least inferentially indicating the potential relevance of these persons or entities to the allegations contained in Plaintiff's Complaint. ECF No. 16-1. For example, Plaintiff describes Defendants Reed and Baker as "arresting officer[s]," Defendants Miller and McConnell as "forensic administrative directors" of SCDMH; and Defendants Blinkley and Lee as attorneys for SCDMH. *Id.* at 2. At the court's direction, the Clerk of Court was directed to attach that document to the Complaint. ECF No. 19, *see* ECF No. 1-4 at 2. Thus, the contents of that document, along with the other attachments to the pleading, are being considered an integral part of the Complaint for purposes of the initial review of this pro se-filed case. *See Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr. Inc.*, 7 F. App'x 197, 202-03 (4th Cir. 2001) (attached exhibits are integral parts of the pleading for purposes of motions to dismiss).

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint herein in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972);

*Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978).

This court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even under this less stringent standard, however, the pro se Complaint filed in this case is subject to summary dismissal.

III.     Discussion

Initially, to the extent that Plaintiff seeks monetary damages or other relief, including release from custody, from any Defendant based on his allegations of false arrest and other supposed improprieties in connection with the Oconee County criminal prosecution that led to his NGRI plea and subsequent "mental health commitment" sentence, the Complaint is subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[4] the United States Supreme Court stated:

---

[4] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their

> We hold that, in order to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Other federal courts that have considered similar claims to those raised by Plaintiff have found that *Heck* applies in situations in which the person attempting to raise the claim is involuntarily committed as the result of a NGRI sentence in a criminal case, *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005); *Jackson v. Safeco Nat. Ins. Co.*, No.4:09-CV-00257-BSM, 2009 WL 5066772, *4 (E.D. Ark. Dec. 17, 2009); as the result of a civil finding of mentally ill and dangerous, *Rannow v. Penk*, No. 12–156 ADM/JJ, 2012 WL 619674, at *1 (D. Minn. Feb. 24, 2012); and/or as the result of a civil commitment under a sexual predator statute, *Turner v. Johnson,* 466 F. App'x 214, 214 (4th Cir. 2012) (citing

---

*federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).  No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

*Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding *Heck v. Humphrey*, 512 U.S. 477 (1994) applies to civilly committed sex offenders)).                    .

As stated above, Plaintiff does not provide any information about any previous attempts on his part to obtain his release through the South Carolina state courts. However, periodic review of commitments under the NGRI process is contemplated under the applicable South Carolina state statute. S.C. Code Ann. §§ 17-24-40, 17-24-80. Regardless of whether any state-court or state-agency avenue for relief has been pursued by Plaintiff to date, Plaintiff's continued confinement makes it clear that any such attempts were not successful and that Plaintiff's NGRI plea and the related Oconee County General Sessions Court's mental health commitment order remain valid and binding. Because Plaintiff's allegations of unconstitutional process and confinement leading to a coerced NGRI plea, if true, would necessarily invalidate the plea and resulting sentence, he cannot sue any of the Defendants based on their involvement in his prosecution and ultimate NGRI plea and mental-health-commitment sentence. Moreover, it is settled that release from state or other official confinement is not a remedy that can be obtained through a § 1983 claim. That relief is available in federal court only by way of a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

The only other allegations of potential substance in Plaintiff's Complaint assert claims for damages or other relief based on assertions that some of the conditions of his pre-plea confinement at OCDC and at certain SCDMH facilities after his NGRI commitment were unconstitutional. For example, he alleges that he was given inadequate food at OCDC and lost weight. ECF Nos. 1 at 1, 1-2 at 3. He also alleges that SCDMH did not provide chaplains for all

religions at the facilities it contracts with private corporations to run. ECF Nos. 1 at 2, 1-2 at 3. None of these allegations are sufficiently stated to require service of this pro se Complaint on any of the named Defendants for various reasons. First, Plaintiff's allegations are stated in conclusory fashion and do not specify which Defendant or Defendants are potentially responsible for which alleged constitutional violation. This shortcoming alone requires summary dismissal of Plaintiff's Complaint for lack of compliance with Federal Rule of Civil Procedure 8, which requires that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. The United States Supreme Court has made clear that, under Rule 8, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

> Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:
>
> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 678 (citations omitted) (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570 and citing to *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

Second, even if Plaintiff's OCDC conditions-of-confinement allegations were sufficiently detailed and specific to satisfy the minimal requirements of Rule 8 under the liberal-construction-of-pro-se-pleadings rule, Plaintiff does not name a person connected with the OCDC who may be sued under § 1983. To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Additionally, in order to assert a viable § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for

9

alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

Third, because, as previously noted, Plaintiff does not specify which Defendant he seeks to hold responsible for which alleged wrongdoing, under an extremely liberal construction, it appears that the only named Defendants that Plaintiff might have intended to hold liable for the conditions of his confinement at OCDC are "Oconee County Sheriff's Office" or "Oconee County Detention Center" or "Oconee, County of" or "Oconee County Police Department." None of these Defendants can be held liable for the quantity of food Plaintiff received at OCDC because none can be considered a "person" who could be liable to Plaintiff. Oconee County Detention Center is a group of buildings or a building. It is not a person. *See Preval v. Reno*, 57 F. Supp. 2d at 310. Moreover, the names Oconee County Sheriff's Office and Oconee County Police Department indicate a group of people or a "staff" and use of such collective terms to name a § 1983 Defendant has been found improper and inadequate. *Barnes,* 2008 WL 2564779. *See also United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163-64 (D. Conn. 2005); *Stump v. Gates*, 777 F. Supp. 808, 815-16 (D. Colo. 1991); *Hoffman v. Hunt*, 845 F. Supp. 340, 344 n.1 (W.D.N.C. 1994); *PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808, 825-26 (D.N.J. 1993); *Johnson v. City of Erie*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); *Hall v. Neal*, No. 5:04-CV-65-OC-10GRJ, 2006 WL 462600, at *3 (M.D. Fla. Feb. 27, 2006); *Shilling v. Brush*, No. 4:05-CV-871, 2005 WL 2100707, at *3 (M.D. Pa. Aug. 26, 2005). Finally, there are no allegations that the conditions of confinement in OCDC of which Plaintiff

complains resulted from any type of policy or custom of Oconee County, and, in absence of such allegations, no plausible § 1983 claim is stated upon which that particular Defendant could be held liable. *Cf. City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (deliberate failure to train may rise to level of policy or custom and create municipal liability); *Monell v. N. Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (municipalities are liable under § 1983 *only* for violations of federal law that occur pursuant to official governmental policy or custom).

Insofar as the alleged problem with one-religion chaplains in SCDMH facilities is concerned, Plaintiff fails to state a plausible claim under any construction. First, Plaintiff does not provide factual allegations that would support standing on his part to make such a claim because he does not state which religion he belongs to or which religion the chaplain represents. Without even such minimal factual allegations, Plaintiff fails to show any concrete injury that he, personally, suffered because of the chaplain situation. *See In re Mutual Funds Inv. Litig.*, 529 F.3d 207, 216 (4th Cir. 2008) (to possess constitutional standing, a plaintiff must be injured by the defendant, and a federal court must be able to redress the injury). Additionally, no potentially liable person is named. SCDMH, South Carolina Lt. Gov's Office of Ageing, and DHEC are all entitled to Eleventh Amendment Immunity because, as state agencies, they are an integral part of the State of South Carolina. The State of South Carolina, itself, is also entitled to the same immunity from Plaintiff's claims. *See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999); *Belcher v. S.C. Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978). Moreover, Defendants Miller, McConnell, Blinkley, Lee, and Haley cannot be held liable for the alleged chaplain problem simply based on their arguable

positions of authority over or within SCDMH. Section 1983 requires personal involvement by officials to establish liability and does not permit application of the doctrine of supervisory (or vicarious) liability. *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). In the absence of factual allegations showing that any of these individuals had personal knowledge of the alleged religious-freedom violation and did nothing to correct it, Plaintiff fails to state a plausible § 1983 claim against any of them. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Finally, to the extent that Plaintiff complains about not receiving mental-health treatment or care and about "H.I.P.P.A. protocol" violations while committed to SCDMH facilities, his Complaint again fails to state a plausible claim against anyone. Regarding the alleged violation of a "H.I.P.P.A. protocol" by the "DMH Public Safety," ECF No. 1-2 at 3, Plaintiff fails to name a potentially liable Defendant. His use of the term "S.C.D.M.H. Public Safety Chief Adm." to name a Defendant again fails to name a person liable under § 1983. It is the equivalent on using a term such as "staff" or "group" or "police department." *Barnes*, 2008 WL 2564779. Additionally, there are no allegations of personal involvement in the alleged violations by Defendants Miller, McConnell, Blinkley, Lee, or Haley. Accordingly, Plaintiff has stated no plausible § 1983 claim arising from the alleged lack of mental-health treatment or the alleged "H.I.P.P.A. protocol" violation against any of them. In the absence of a plausible § 1983 or other federal claim against any Defendant, there is no basis on which this court could (or should) exercise its supplemental jurisdiction over any arguably stated state-law-based claims. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

IV.     Recommendation

Accordingly, it is recommended that Plaintiff's Complaint be dismissed *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

IT IS SO RECOMMENDED.

August 6, 2014                                                                             Kaymani D. West
Florence, South Carolina                                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**