IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
CLERK, CHARLESTON, SC
2014 OCT 17 A 11: 47

| | |
|---|---|
| Jason M. Carter,<br><br>    Plaintiff,<br><br>v.<br><br>State of South Carolina;<br>Greg Reed;<br>Oconee County Sheriff's Office;<br>Oconee County Detention Center;<br>Harvey Miller;<br>George McConnell;<br>Mark Blinkley;<br>Monique Lee;<br>Nikki Haley;<br>South Carolina Lt. Gov's Office of Ageing;<br>S. Baker;<br>South Carolina Department of Mental Health;<br>South Carolina Department of Mental Health<br>Public Safety Chief Adm.;<br>Oconee, County of;<br>Richland, County of;<br>Oconee County Police Department;<br>South Carolina Department of Health and<br>Environmental Control,<br><br>    Defendants. | C.A. No. 5:14-cv-1842-RMG-KDW<br><br>**ORDER** |

  This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), (Dkt. No. 35), recommending that this Court DISMISS Plaintiff's Complaint (Dkt. No. 1). For the reasons stated below, the Court ADOPTS the R&R and DENIES Plaintiff's Objections to the R&R (Dkt. No. 39).

## Background

  Jason M. Carter ("Plaintiff") is a person who is involuntarily committed to the South Carolina Department of Health ("SCDMH") after he pleaded not guilty by reason of insanity

("NGRI") to murder charges that were pending against him in Oconee County, South Carolina in 2009. (Dkt. No. 1). In this case, Plaintiff sues the State of South Carolina; SCHMH; the South Carolina Department of Environmental Control ("DHEC"); the South Carolina Lietenant Governor's Council on Aging; several state officials and employees; and Oconee County Law Enforcement Agencies and at least one of their offices. *Id.* Plaintiff seeks $8.5 million in damages and immediate release from SCDMH or State of South Carolina custody. (Dkt. No. 1-2 at 4).

Plaintiff alleges that his federal constitutional rights under the Eighth and Fourteenth Amendments were violated while he was detained at the Oconee County Detention Center ("OCDC") "beginning in 2006" for the following reasons: he was allegedly falsely arrested; his arraignment was unreasonably delayed; he was subjected to excessive bail and deprived of a speedy trial; and he was coerced into pleading to NGRI. (Dkt. No. 1). He also alleges that he was not given sufficient food at OCDC and lost 95 pounds while detained there. (Dkt. No. 1-2 at 3).

Plaintiff also alleges that he is now being illegally held by SCDMH at one of its contract facilities run by a private corporation ("GEO Inc.") despite having no mental illness. (Dkt. No. 1). He further alleges that he is not taking any psychiatric medication nor is he receiving any kind of special treatment at the facility. *Id.* Plaintiff contends that his religious freedoms are violated because the facility allows "one religious faith chaplain" who does not serve his faith. *Id.* Finally, Plaintiff alleges that "DMH Pubic Safety" violated "H.I.P.P.A. protocol" when it/they made "a false report to police in Tenn." (Dkt. No. 1-2 at 3).

Plaintiff does not provide details of any Oconee County or State of South Carolina judicial proceedings that led to, or continued, his involuntary commitment other than to say that

2

he is committed as a result of the finding of not guilty by reason of insanity. *See* Dkt. No. 1. He does not indicate that he has taken any steps to appeal any commitment order or to contest any court order requiring that he remain involuntarily committed. The R&R indicates that the available online court records from Oconee County confirm that Plaintiff was arrested on March 28, 2006, formally charged with two counts of murder on April 4, 2006, and those charges were disposed of on October 16, 2009, by way of an "order of competency to stand trial" with a sentence of mental health commitment. (Dkt. No. 35 at 4-5).

Plaintiff amended his Complaint to add the other Defendants listed in the caption of this Order. (Dkt. No. 16). The Court granted that amendment. (Dkt. No. 19). In connection with his Motion to Amend, Plaintiff submitted a document that contains minimal descriptions of the professional status of some Defendants, at least inferentially indicating the potential relevance of these persons or entities to the allegations contained in Plaintiff's Complaint. (Dkt. No. 16-1). At the Court's direction, the Clerk of Court was directed to attach that document to the Complaint. *See* Dkt. No. 1-4 at 2. The contents of that document, along with other attachments to the pleading, were considered in the R&R. (Dkt. No. 35). Upon review of the Complaint and arguments raised, the R&R recommended this Court dismiss without prejudice and without issuance and service of process the Plaintiff's Complaint. *Id.* The Plaintiff responded by filing Objections to the R&R. (Dkt. No. 39).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or

recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note).

## Discussion

As the R&R noted, with respect to actions filed pursuant to 42 U.S.C. § 1983, such as the present one, alleging constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court stated:

> We hold that, in order to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question b a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages being that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Other federal courts have considered similar claims to those raised by Plaintiff and have found that *Heck* applies in situations in which the person attempting to raise the claim is involuntarily committed as the result of a NGRI sentence in a criminal case, *Carter v. Bickhaus*, 142 F.App'x 937, 938 (8th Cir. 2005); *Jackson v. Safeco Nat. Ins. Co.*, No.4:09-CV-00257-BSM, 2009 WL 5066772,

*4 (E.D. Ark. Dec. 17, 2009), as the result of a civil finding of mentally ill and dangerous, *Rannow v. Penk*, No. 12-156 ADM/JJ, 2012 WL 619674, at *1 (D. Minn. Feb. 24, 2012), and/or as the result of a civil commitment under a sexual predator statute, *Turner v. Johnson*, 466 F. App'x 214, 214 (4th Cir. 2012) (citing *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding *Heck v. Mumphrey*, 512 U.S. 477 (1996) applies to civilly committed sex offenders)).

As a result, the Court agrees with the R&R that the Plaintiff cannot sue any of the Defendants based on their involvement in his prosecution and ultimate NGRI plea and mental-health-commitment sentence. (Dkt. No. 35 at 7). It is settled that release from state or other official confinement is not a remedy that can be obtained through a § 1983 claim. That relief is available in federal court only by way of a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983). Therefore, Plaintiff's Objections to the R&R in regards to a false arrest, entering his residence without a warrant, an unreasonable delay in arraignment, excessive bail, and suppression of evidence due to an alleged conflict of interests are without merit and bared as these claims cannot be brought under a § 1983. (Dkt. No. 39).

The R&R determined that the only issues of potential substance for review were Plaintiff's assertions that some of the conditions of his pre-plea confinement at OCDC and at certain SCDMH facilities after his NGRI commitment were unconstitutional and that he was discriminated against by the facility's provision of only one religious chaplain. (Dkt. No. 35 at 7, 11). In regards to the claim that conditions of his pre-plea confinement at OCHC and at certain SCDMH facilities following his NGRI commitment were unconstitutional, the R&R dismissed this for several reasons. First, Plaintiff's assertions are stated in conclusory fashion,

5

providing little basis to the claim. (Dkt. No. 35 at 8). Under Rule 8, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Second, Plaintiff does not name a person connected with the OCDC who may be sued under § 1983. (Dkt. No. 35 at 9). To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved paryt must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983. It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Plaintiff alleges in his Objections to the R&R that he "doesn't know the names of those specifically" within the organizations, (Dkt. No. 39 at 10).

Third, Plaintiff does not specify which Defendant he seeks to hold responsible for which alleged wrongdoing. (Dkt. No. 35 at 10). While the Plaintiff alleges that "a 1400 calorie weight loss diet was given because Plaintiff was a vegan" which constituted "cruel and unusual punishment" and resulted in his loss of weight, (Dkt. No. 1 at 1), the Plaintiff fails to state which party is responsible for his weight loss (Dkt. No. 35 at 10). As previously stated, the named defendant must be considered a "person" who could be liable to Plaintiff. *Id.*

Finally, there are no allegations that the conditions of confinement in OCDC or which Plaintiff complains resulted from any type of policy or custom of Oconee County, and, in

6

absence of such allegations, no plausible § 1983 claim is stated upon which that particular Defendant could be held liable. (R&R at 10-11).

In regards to the alleged problem with one-religion chaplains in SCDMH facilities, Plaintiff fails to state a plausible claim. In Plaintiff's Objections to the R&R, the Plaintiff asserts that Geo Inc. "has only (one) Christina faith chaplain on its payroll" and that "the pro se litigant is Buddhist." (Dkt. No. 39 at 7). However, Plaintiff fails to show any concrete injury that he, personally, suffered as a result of the lack of a Buddhist chaplain. *See In re Mutual Funds Inv. Litig.*, 529 F.3d 207, 216 (4th Cir. 2008) (to possess constitutional standing, a plaintiff must be injured by the defendant, and a federal court must be able to redress the injury). "So long as the prison authorities provide the inmate with a reasonable opportunity for the exercise of his religious tenets in a form that is substantially warranted by the requirements of prison safety and order, there is no violation of the inmate's constitutional rights." *Sweet v. South Carolina Dept. of Corrections*, 529 F.2d 854, 859 (4th Cir. 1975). Plaintiff has alleged no facts as to any deprivation by the prison to limit the exercise of his Buddhist faith. Furthermore, no potentially liable person is named.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court, (Dkt. No. 35), and denies Plaintiff's Objections to the R&R (Dkt. No. 39). Accordingly, Plaintiff's Complaint is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

7

_____
Richard M. Gergel
United States District Court Judge

October 17, 2014
Charleston, South Carolina